IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN R. DEMOS, )
)
             Plaintiff, )
)
v. ) No. 05 C 6892
)
JOHN DOE/CHAIRMAN KEEBLER FOODS )
COMPANY, )
)
             Defendant. )

## MEMORANDUM ORDER

John Demos ("Demos") has tendered a self-prepared Complaint against someone whom he describes as "John Doe," the Chairman of Keebler Foods Company ("Keebler"), complaining--if you can believe it--of his having consumed some Zesta saltines manufactured by Keebler that caused him "stomach cramps" and an "upset stomach." Although Demos, who is in custody at the Washington State Penitentiary in Walla Walla, Washington, refers on the cover page of his Complaint to a number of federal statutes, all of those proposed invocations are plainly frivolous. And although diversity of citizenship may be present, Demos' acknowledgment that his claimed monetary damages amount to $12,000 (to say nothing of the minor nature of the claimed harm that he asserts) flatly negates the existence of federal jurisdiction on that ground.

As with all cases brought by prisoners without payment of the filing fee, even those as frivolous as this one, this Court is called on in the first instance to examine Demos' accompanying

submissions called for by 28 U.S.C. §1915 ("Section 1915"). Here Demos has tendered a Declaration and Application To Proceed In Forma Pauperis ("Application") together with a printout as to his trust fund account at the Penitentiary. That printout is difficult to decipher, in large part because Demos' enormous number of prior lawsuits (more on this subject a bit later) has created a priority ladder on which this District Court would appear to occupy the bottom rung by reason of this action.

Accordingly this Court grants the Application as prescribed by Section 1915(a)(1)--but that means only that Demos need not pay the entire $250 filing fee in advance. Instead he is liable for that full amount (Section 1915(b)(1)), to be paid in installments. This Court cannot calculate the initial partial filing fee called for by Section 1915(b)(1), but the authorities at the Penitentiary (to whom a copy of this memorandum is being sent) will be expected to comply with Section 1915's requirements.[1]

By contrast, dealing with the substance of Demos' claim is easy. It is frivolous in both jurisdictional and substantive

---

[1] This Court of course recognizes that under the circumstances created by Demos' egregious imposition of an inordinate burden on the federal courts, it is almost certain that in terms of any actual payment of the $250 filing fee here he will refute the aphorism of the late Milton Friedman that "There is no such thing as a free lunch." Some other means is obviously required to stanch the endless flow of Demos' complaints referred to later.

2

terms. Both the Complaint and this action must be and are dismissed summarily for lack of subject matter jurisdiction.

One thing should be added. Complaint ¶I.B freely acknowledges that Demos has filed "100's" of prior lawsuits in federal courts, and the printout of a civil name search conducted by this District Court's Staff Attorney's Office discloses no fewer than 429 such lawsuits! It appears that 23 of those lawsuits (including this one) have been filed in this Northern District of Illinois. Some steps certainly seem to be called for to prevent such a gross abuse of the justice system, and a copy of this memorandum order is being provided to the Executive Committee of this District Court for its possible consideration in that respect.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date: December 9, 2005